UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | ED CV 19-2457 FMO (SPx) | Date | May 6, 2020 |
|---|---|---|---|
| Title | Dawna Brady v. Michael Leahy, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:   Attorney Present for Defendants:

None Present   None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On September 3, 2019, Dawna Brady ("plaintiff" or "Brady") filed a complaint ("Complaint") in the Riverside County Superior Court ("state court") against Michael Leahy ("Leahy"), Xudle Inc. ("Xudle"), Xudle Software, LLC ("Xudle Software"), and Fullsteam Holdings, LLC ("Fullsteam"), asserting several state law employment-related claims. (See Dkt. 1, Notice of Removal ("NOR") at 2; Dkt. 1-1, Complaint). On November 20, 2019, plaintiff filed an amendment to the Complaint correcting the name of Xudle to XI Holdings, Inc. ("XI Holdings"). (See Dkt. 1-3, Amendment to Complaint). After Xudle Software and Fullsteam were dismissed, (see Dkt. 1, NOR at 2), Leahy and XI Holdings (collectively, "removing defendants") removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at 3).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | ED CV 19-2457 FMO (SPx) | Date | May 6, 2020 |
|---|---|---|---|
| Title | Dawna Brady v. Michael Leahy, et al. | | |

construed against removal jurisdiction.[1]  See id.  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2]  See 28 U.S.C. § 1332(a).[3]

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  Removing defendants contend that complete diversity exists because plaintiff is a citizen of California, (see Dkt. 1, NOR at 4), Leahy is a citizen of Arizona (see Dkt. 1, NOR at 4), and XI "admits that it was incorporated in the State of Delaware."  (Id.).  Removing defendants appear to contend that because XI was incorporated in Delaware, it is a citizen of only that state.  (See id.; see also Dkt. 9, Opposition to Motion to Remand ("Opp.") at 2, 4-5).  However, removing defendants failed to set forth XI's principal place of business, i.e., where it holds its board meetings, or any other details that would establish diversity jurisdiction.  (See, generally, Dkt. 1, NOR; Dkt. 9, Opp.); see 3123 SMB LLC v. Horn, 880 F.3d 461, 468 (9th Cir. 2018) (holding that "a recently-formed holding company's principal place of business is the place

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] Removing defendants seek only to invoke the court's diversity jurisdiction.  (See Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

| Case No. | **ED CV 19-2457 FMO (SPx)** | Date | **May 6, 2020** |
|---|---|---|---|
| Title | **Dawna Brady v. Michael Leahy, et al.** | | |

where it has its board meetings"). In short, removing defendants have failed to set forth XI's complete citizenship, and has therefore failed to show that complete diversity of the parties exists.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendants have met their burden. Thus, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Riverside, 30755-D Auld Road, Murrieta, CA 92563 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. Any pending motion is denied as moot.

Initials of Preparer   vdr